Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 210525-161876
DATE: August 31, 2021

ORDER

Entitlement to dependency and indemnity compensation (DIC) under 38 U.S.C. § 1318 is denied. 

FINDING OF FACT

The Veteran was not in receipt of a total service-connected disability rating for 

10 continuous years immediately preceding her death; the total disability rating was not in place within 5 years of the Veteran's discharge from active service; and the Veteran was not a prisoner of war.

CONCLUSION OF LAW

The criteria for DIC benefits pursuant to 38 U.S.C. § 1318 are not met. 38 U.S.C. § 1318; 38 C.F.R. § 3.22.

 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Navy from September 1974 to April 1977.

The Veteran died in July 2016. The appellant is the Veteran's surviving spouse.

The rating decision on appeal was issued in June 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 

In the May 2021 VA Form 10182, Decision Review Request: Board Appeal, 

the appellant elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Entitlement to DIC under 38 U.S.C. § 1318 is denied.

The Appellant seeks dependency and indemnity compensation (DIC) following the Veteran's death in July 2016. The appellant does not argue that the Veteran's death was due to service-connected disability. Instead, the appellant argues that DIC is entitled in certain cases when the Veteran is totally disabled because of service-connected disabilities, but when the Veteran has died from other causes. See May 2021 Correspondence.

DIC benefits are payable under certain circumstances if the service member was in receipt of, or entitled to receive, compensation at the time of death for a service-connected disability that had been totally disabling for a specified period of time. DIC benefits granted to a surviving spouse under 38 U.S.C. § 1318 are paid in the same manner as if the Veteran's death were service connected. 38 U.S.C. § 1318. Such benefits are warranted if any of the following are shown: (1) the disability was continuously rated totally disabling for a period of 10 or more years immediately preceding death; (2) the disability was continuously rated totally disabling for a period of not less than five years from the date of such veteran's discharge or other release from active duty; or (3) the veteran was a former prisoner of war and the disability was continuously rated totally disabling for a period of not less than one year immediately preceding death. 38 U.S.C. § 1318(b)(1-3).

The Veteran died in July 2016. At the time of her death, she was rated as totally disabled based on individual unemployability (TDIU) from December 30, 2011. Service-connected conditions included posttraumatic stress disorder (PTSD) rated at 70 percent disabling; status post total abdominal hysterectomy with bilateral salpingo-oophorectomy, rated at 50 percent disabling; and status post appendectomy, which was rated as noncompensable. 

After review of the relevant evidence and consideration of pertinent laws and regulations, the Board sympathetically finds that DIC benefits are not warranted. As shown above, at the time of the Veteran's death, she was not continuously rated as totally disabled for a period of 10 years or more. Thus, she did not qualify for DIC under section 1318(b)(1). Her TDIU evaluation from December 30, 2011 had not been instated within five years from the date of her discharge from active duty in April 1977, and thus section 1318(b)(2) does not apply. The Veteran was not a former prisoner of war. See Department of Defense form 214. Thus, 38 U.S.C. § 1318(b)(3) does not apply. The Board hears with the appellant's contentions, to include as noted on the May 2021 correspondence; however, the law does not provide for a grant of DIC under the facts of this case.

(Continued on the next page)

 

In reaching these conclusions, the Board has considered the applicability of the benefit-of-the-doubt doctrine; however, as the preponderance of the evidence is against the claim, that doctrine is not for application. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

 

 

Paul Sorisio

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Hermsdorfer, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.